**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

SHERI PETER,
                    Plaintiff,

v.

FREMONT REGIONAL HOSPICE, a Colorado Nonprofit Corporation; CHARLENE
SEANEY; THOMAS STERANKA; and LISA LARSEN;
                    Defendants.

---

## COMPLAINT AND JURY DEMAND

---

COMES NOW, the Plaintiff, Sheri Peter, by and through her attorney, Daniel B. Slater, and

hereby complains against Defendants, and each of them, as follows:

1.     Plaintiff Sheri Peter, at all times relevant to this Complaint, is a resident of Fremont

       County, Colorado.

2.     Defendant Fremont Regional Hospice, is a Colorado Nonprofit Corporation with its

       principal place of business in Fremont County, Colorado, doing business in the State

       of Colorado.  The Defendant's registered agent is Charlene Seaney, 1439 Main St.,

       Cañon City, CO 81212.

3.     Defendant Fremont Regional Hospice has continually and does now employ more

       than 15 employees.

4.     Defendant Fremont Regional Hospice is engaged in an industry that affects

       commerce within the meaning of Section 701 (b) (g) and (h) of Title VII, 42 U.S.C. §

       2000e.

5.    Defendant Charlene Seaney (hereinafter, "Seaney") was the Administrator for Defendant Fremont Regional Hospice during Plaintiff's employment with Defendant Fremont Regional Hospice.

6.    Defendant Thomas Steranka (hereinafter, "Steranka") was the Chaplain for Defendant Fremont Regional Hospice during Plaintiff's employment with Defendant Fremont Regional Hospice.

7.    Defendant Lisa Larsen (hereinafter, "Larsen") was Plaintiff's immediate supervisor during Plaintiff's employment with Defendant Fremont Regional Hospice.

8.    Jurisdiction is appropriate pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* (hereinafter, "Title VII"), which provides for relief against discrimination in employment on the basis of religion.

9.    Venue in this District is appropriate because the actions described herein all occurred within the State of Colorado.

10.   All conditions precedent to jurisdiction under the Civil Rights Act § 702 of Title VII, 42 U.S.C. § 2000e-5 (f) (3) have been met.

   a.   A charge of employment discrimination on the basis of religion was filed with Colorado Civil Rights Division ("CCRD") and United States Equal Employment Opportunity Commission ("EEOC") on November 19, 2012, within 300 days of commission of the unlawful employment practice alleged herein.

   b.   Notification of the Plaintiff's Right to Sue was issued by the EEOC on November 25, 2013.

2

c.   This Complaint has been filed within 90 days of the receipt of the EEOC

Notification of Right to Sue.

11.   Jurisdiction is also invoked under the doctrine of pendent jurisdiction under 28 U.S.C.

§ 1367 for the state claims set forth herein.

12.   Plaintiff was employed by Defendant Fremont Regional Hospice as a part-time

registered nurse from February 2011 until termination of her employment on or about

September 19, 2012.

13.   Throughout Plaintiff's employment with Defendant Fremont Regional Hospice,

Plaintiff performed the duties of her position satisfactorily.

14.   During Plaintiff's employment Defendants Seaney and Steranka would arrange for

weekly "Internal Disciplinary Team" ("IDT") meetings where employees were asked

to tell personal stories, and those stories were placed by Defendants in a religious

context.

15.   The religious context in which those stories were placed was usually Catholic in

nature.

16.   The IDT meetings were mandatory for employees of Defendant Fremont Regional

Hospice to attend.

17.   The stated purpose of the IDT meetings is to provide ongoing training and assistance

to hospice employees.

18.   On or about August 30, 2012, Defendant Larsen advised Plaintiff that she would be

required to tell her personal stories at the IDT meeting for September 6, 2012.

19. Plaintiff declined to tell her personal stories at the IDT meeting on September 6, 2012.

20. Plaintiff's decision to decline to tell her personal stories was based on concerns that those stories would be placed in a religious context with which she did not agree by her supervisors and superiors.

21. Plaintiff was asked again to share her personal stories at the IDT meeting on or about September 13, 2012.

22. Plaintiff again declined to share her story for religious reasons.

23. At the same meeting on September 13, 2012, Defendant Seaney inquired about what church Plaintiff was attending.

24. Plaintiff advised Defendant Seaney at that time that Plaintiff was not attending the same church she had previously been attending.

25. At the IDT meeting on September 13, 2012, Defendants Steranka and Seaney advised the employees that there would be a discussion of "the Seven Deadly Sins" at the IDT meeting to be held on September 20, 2012.

26. On or about September 17, 2012, Plaintiff advised Defendant Larsen that Plaintiff would not be attending the IDT meeting on September 20, 2012, because of the religious nature of the meeting.

27. At that time, Defendant Larsen advised Plaintiff that Plaintiff's employment would be terminated if Plaintiff refused to attend the IDT meeting.

28. Plaintiff indicated her refusal to attend the September 20, 2012 meeting because

Plaintiff felt that she was being forced to participate in a religious exercise.

29.   On or about September 19, 2012, Defendant Seaney issued Plaintiff a written warning for allegedly violating policies and procedures of Defendant Fremont Regional Hospice.

30.   The September 19, 2012 warning was the first disciplinary action of any sort issued to Plaintiff for her work with Defendant Fremont Regional Hospice.

31.   The September 19, 2012 warning was based on false accusations and incorrect facts.

32.   The September 19, 2012 warning resulted in Plaintiff's involuntary termination from employment with Defendant Fremont Regional Hospice.

33.   The September 19, 2012 warning was a pretextual reason for Plaintiff's termination from employment.

34.   Plaintiff's true reason for termination from employment was her refusal to participate in religious meetings and exercises with Defendant Fremont Regional Hospice.

35.   Defendant Fremont Regional Hospice is not a religious organization.

### PLAINTIFFS' FIRST CLAIM FOR RELIEF

### (Violation of Title VII – Against Defendant Fremont Regional Hospice)

36.   Plaintiff incorporates all previous allegations as if more fully set forth herein.

37.   Beginning from the date of Plaintiff's employment, until Plaintiff's termination by Defendant Fremont Regional Hospice, Defendant Fremont Regional Hospice engaged in a discriminatory practice against the Plaintiff regarding the terms and conditions of her employment on the basis of religion, including, but not limited to, engaging in a

pattern of allowing harassment and humiliation of the Plaintiff, all because of the Plaintiff's religious beliefs.

38.     Defendant Fremont Regional Hospice discharged the Plaintiff on the basis of religion on or about September 19, 2012, and her religious beliefs and objections were motivating factors in the decision of the Defendants, and each of them, to discharge the Plaintiff.

39.     Defendant Fremont Regional Hospice discriminated against Plaintiff because of her religion in admission to a program established to provide training, in violation of 42 U.S.C. § 2000e-2 (d).

40.     Defendant Fremont Regional Hospice unlawfully retaliated against Plaintiff for asserting her rights under Title VII or for opposing an employment practice made unlawful under Title VII, in violation of 42 U.S.C. § 2000e-3 (a).

41.     The effect of Defendant Fremont Regional Hospice's policies and practices as described above has been to deprive the Plaintiff of an equal employment opportunity, as enjoyed by citizens who share the religious beliefs of the Defendants.

42.     As a further result of the above stated actions of Defendant Fremont Regional Hospice, the Plaintiff has been deprived, and is now being deprived, of income in the form of wages, and of prospective retirement benefits, and other fringe benefits due to her, in an amount to be proved at trial.

43.     The Plaintiff is now suffering, and will continue to suffer, irreparable harm and injury from the policies, practices, customs, and usages of Defendant Fremont Regional

Hospice, as set forth herein.

44.     As a proximate result of discriminatory and wrongful acts of Defendant Fremont

        Regional Hospice, as set forth, Plaintiff has suffered emotional distress, humiliation,

        embarrassment, and mental anguish.

45.     Defendant Fremont Regional Hospice has been acting with malice toward the

        Plaintiff and with wanton and willful disregard for the Plaintiff's federally protected

        rights, and with reckless indifference to the consequences of the Defendants' acts.

WHEREFORE, Plaintiff prays for relief as set forth at the end of this Complaint.

### PLAINTIFFS' SECOND CLAIM FOR RELIEF

### (Breach of Express or Implied Contract)

46.     Plaintiff incorporates all previous allegations as if more fully set forth herein.

47.     The personnel policies manual in effect during the pertinent times concerning this

        matter either created an employment contract or created a reasonable expectation of

        the existence of a definite contract of employment, terminable only for just cause,

        after the utilization of progressive discipline, such as verbal warnings, written

        warnings, disciplinary suspension, demotion, and then termination.

48.     The said materials contained in the promise of employment set forth termination

        procedures which the Plaintiff relied upon, and which the Defendants, and each of

        them, are now estopped to deny.

49.     Plaintiff further relied upon the implied contractual agreement with Defendant

        Fremont Regional Hospice based on the custom of Defendant Fremont Regional

Hospice to warn its employees on disciplinary actions before termination.

50.   Plaintiff reasonably believed from the actions, conduct, and words by Defendant

Fremont Regional Hospice and its agents that her job was secure.

51.   Defendants, and each of them, breached their express and implied contract of

employment with the Plaintiff.

WHEREFORE, Plaintiff prays for relief as set forth at the end of this Complaint.

## PLAINTIFFS' THIRD CLAIM FOR RELIEF

### (Promissory Estoppel)

52.   Plaintiff incorporates all previous allegations as if more fully set forth herein.

53.   Defendants, and each of them, promulgated written rules and policies to set forth

procedures and grounds for discharge.

54.   These rules and policies were promulgated for the purpose of inducing the Plaintiff

and other employees to rely on the policies and rules.

55.   Plaintiff did rely on the policies and rules, promises of job security.

56.   Failure to require the Defendants, and each of them, to obey the policies and rules

would be an injustice forbidden by the doctrine of promissory estoppel.

57.   The Defendants, and each of them, failed to comply with the policies and rules

established and promulgated by Defendant Fremont Regional Hospice.

WHEREFORE, Plaintiff prays for relief as set forth at the end of this Complaint.

## PLAINTIFFS' FOURTH CLAIM FOR RELIEF

### (Breach of Express Covenant of Good Faith and Fair Dealing)

58.   Plaintiff incorporates all previous allegations as if more fully set forth herein.

59.   Defendant Fremont Regional Hospice's Employee Handbook establishes an express
      covenant with all of the Defendant's employees to deal with them fairly and in good
      faith.

60.   The Employee Handbook contains many expressions of this covenant with
      employees, including:

   a.   "Employees of Fremont Regional Hospice are valued members of a team…." P.3.

   b.   "The Leadership Team welcomes employees' suggestions and appreciates their
        contributions." P.3.

   c.   "FRH is committed to maintaining a positive working environment, free of
        unlawful harassment." P.5.

   d.   "The organization is firmly committed to maintaining a positive working
        environment." P.5.

   e.   "Each employee is important to the overall success of the organization's
        operations." P.13.

   f.   "The organization has established a problem solving procedure to allow
        employees an opportunity to voice any concerns they may have." P.15.

   g.   "The purpose [of the problem solving procedure] is to provide an avenue for the
        identification and solution of differences between employees or between an

9

employee and the organization regarding work-related issues." P.15.

h. "The organization is committed to the safety of each and every employee." P.19.

61.    Defendants, and each of them, breached one or more of these covenants.

WHEREFORE, Plaintiff prays for relief as set forth at the end of this Complaint.

## PLAINTIFFS' FIFTH CLAIM FOR RELIEF

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

62.    Plaintiff incorporates all previous allegations as if more fully set forth herein.

63.    The Defendants, and each of them, had a duty to deal with the Plaintiff fairly and in good faith, which duties are implied by law.

64.    The conduct of the Defendants, and each of them, towards the Plaintiff as described in this Complaint breached the said duty.

WHEREFORE, Plaintiff prays for relief as set forth at the end of this Complaint.

## PLAINTIFFS' SIXTH CLAIM FOR RELIEF

### (Intentional Infliction of Emotional Distress)

65.    Plaintiff incorporates all previous allegations as if more fully set forth herein.

66.    Defendants, and each of them, engaged in behavior that was extreme and outrageous and that went beyond all the bounds of decency by subjecting her to a hostile work environment, terminating Plaintiff on the basis of her refusal to participate in overtly religious meetings, terminating Plaintiff without just cause before allowing her sufficient opportunity to be heard, and by failing to provide notification of alleged problems with her performance.

67. Defendants, and each of them, knew or should have known the conduct was certain to cause emotional distress to the Plaintiff as a fellow human being.

68. The Plaintiff, as would any person of ordinary sensibilities, suffered extreme emotional distress as a direct result of the actions of the Defendants, and each of them, all as more particularly alleged previously in this Complaint.

69. The Defendants' conduct was willful and wanton, and in utter disregard for the wants, needs, feelings, and rights of the Plaintiff.

WHEREFORE, Plaintiff prays for relief as set forth at the end of this Complaint.

## PLAINTIFFS' SEVENTH CLAIM FOR RELIEF

### (Tortious Interference With Contract)

70. Plaintiff incorporates all previous allegations as if more fully set forth herein.

71. The Plaintiff had a contract of employment with Defendant Fremont Regional Hospice.

72. The Defendants, and each of them, knew of the existence of the contract of employment.

73. Defendants Seaney, Steranka, and Larsen, and each of them, intentionally and tortuously interfered with the existing contract between the Plaintiff and Defendant Fremont Regional Hospice in that they terminated Plaintiff's employment with Defendant Fremont Regional Hospice due to Plaintiff's refusal to participate in religious meetings.

74. These acts by Defendants Seaney, Steranka and Larsen were without lawful

justification, and were intentional, malicious, and with utter disregard for the rights

and feelings of the Plaintiff.

WHEREFORE, Plaintiff prays for relief as set forth at the end of this Complaint.

## PLAINTIFFS' EIGHTH CLAIM FOR RELIEF

### (Negligent Hiring, Supervision, and Retention by Defendant Fremont Regional Hospice)

75.    Plaintiff incorporates all previous allegations as if more fully set forth herein.

76.    On information and belief, Defendant Fremont Regional Hospice negligently hired

Defendants Seaney, Steranka, and Larsen, and each of them.

77.    Defendant Fremont Regional Hospice negligently supervised Defendants Seaney,

Steranka, and Larsen, and each of them, by failing to provide the necessary and

appropriate training and follow-up to these supervisory employees.

78.    Defendant Fremont Regional Hospice negligently retained Defendants Seaney,

Steranka, and Larsen in supervisory positions with respect to the Plaintiff.

79.    Defendant Fremont Regional Hospice's negligent hiring, supervision, and retention of

Defendants Seaney, Steranka, and Larsen proximately caused the damages and

injuries to Plaintiff alleged elsewhere in this Complaint.

WHEREFORE, Plaintiff prays for relief as set forth at the end of this Complaint.

## PLAINTIFFS' NINTH CLAIM FOR RELIEF

### (Failure to Pay Wages When Due – Against Defendant Fremont Regional Hospice)

80.    Plaintiff incorporates all previous allegations as if more fully set forth herein.

81.    At the time of Plaintiff's termination of employment, Plaintiff had available to her at

12

least 29.30 hours of "Paid Time Off".

82.    That amount was due and payable to Plaintiff upon her termination of employment from Defendant Fremont Regional Hospice.

83.    Defendant Fremont Regional Hospice has failed and refused to pay this amount to the Plaintiff.

84.    Accordingly, Defendant Fremont Regional Hospice is liable to the Plaintiff for its breach of contract in failing to pay this amount, in the total unpaid amount of $769.13, plus any applicable penalties, interest, and attorneys' fees.

WHEREFORE, Plaintiff prays for relief as set forth at the end of this Complaint.

## PLAINTIFFS' TENTH CLAIM FOR RELIEF

### (Colorado Anti-Discrimination Act)

85.    Plaintiff incorporates all previous allegations as if more fully set forth herein.

86.    Defendants discharged Plaintiff because of religion.

87.    Defendants harassed Plaintiff during the course of her employment because of religion.

88.    Defendants Seaney, Steranka, and Larsen aided, abetted, incited, compeled, and/or coerced Defendant Fremont Regional Hospice to discharge Plaintiff because of religion.

89.    Defendant Fremont Regional Hospice discriminated against Plaintiff on the basis of religion with respect to "on-the-job training programs or other instruction, training, or retraining programs."

90.     Defendant Fremont Regional Hospice is not a "religious organization or association," as that term is used at C.R.S. § 24-34-402 (7).

91.     A charge of discrimination pursuant to C.R.S. § 24-34-403 was timely filed regarding these claims.

92.     Defendants engaged in a discriminatory or unfair employment practice with malice or reckless indifference to the rights of the plaintiff, entitling Plaintiff to punitive damages pursuant to C.R.S. § 24-34-405 (3) (b) (I).

WHEREFORE, Plaintiff prays for relief as set forth at the end of this Complaint.

WHEREFORE, Plaintiff prays for judgment against Defendants on all applicable claims in an amount to be proved at the time of trial in the form of back pay, front pay, other pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of fringe benefits, other nonpecuniary losses, punitive damages, interest at the highest rate allowed by law, costs, attorneys' fees, expert witness fees and such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

DATED this 21st day of February, 2014.

__/s Daniel B. Slater_____
Daniel B. Slater
Attorney for Plaintiff
1415 Main Street, Suite A
Cañon City, CO 81212
Tel:  719-269-3315
dan@danslaterlaw.com